# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLINE MENDIS,<br><br>vs.<br><br>HYUNDAI MOTOR AMERICA | Case No.: 2:23-CV-320<br><br>**NOTICE OF REMOVAL**<br><br>(Removed from Allegheny County Court of Common Pleas Case No. AR-23-000298) |

Defendant Hyundai Motor America ("HMA") hereby removes to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, an action pending in the Court of Common Pleas, Allegheny County, Pennsylvania, No.: AR-23-000298 ("state action"). Removal is proper for the following reasons:

1. On or about January 26, 2023, Plaintiff Caroline Mendis ("Plaintiff") filed the state action against HMA, asserting claims for violation of the Pennsylvania Automobile Lemon Law (73 P.S. § 1952 *et seq.*) ("Lemon Law"), breach of express warranty under the federal Magnuson-Moss Warranty Improvement Act, 15 U.S.C § 2301 *et seq*. ("MMWA"), and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (*see* Summons and Complaint, attached hereto as Exhibit "A").

2. On or about February 7, 2023, HMA received by mail a copy of the Summons and Complaint.

3. Therefore, this Notice of Removal is timely, as it is filed within thirty (30) days of receipt of the Complaint by Defendant HMA. See 28 U.S.C. § 1446(b).

/ / /

/ / /

**BASIS FOR REMOVAL**

**I.   THIS COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1331**

4. Pursuant to 28 U.S.C. § 1441 (a), a defendant may remove to federal district court, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

5. Furthermore, 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

6. Accordingly, this Court has original jurisdiction over this civil action as it involves a claim arising under the federal Magnuson-Moss Warranty Improvement Act, 15 U.S.C § 2301 *et seq*. ("MMWA"). *See* 28 U.S.C. § 1331.

7. The MMWA states in relevant part that a plaintiff may bring such a claim in federal court if the amount in controversy exceeds $50,000. *See* 15 U.S.C. § 2310(d)(3)(B).

8. In the Complaint, Plaintiff alleges that the subject of this action is a certain 2019 Hyundai Kona, VIN: KM8K53AG3KU036442 ("Vehicle") (Complaint, Exhibit "A" hereto, ¶ 3). Plaintiff alleged generally that the Vehicle was defective when sold and that the alleged defects were not timely repaired pursuant to the applicable warranties (*id.*).

9. In connection with these claims, Plaintiff seeks to recover the purchase price of the Vehicle, alleged to total "more than $57,858.40" (*id*. ¶¶ 4-5).

10. Pursuant to the purchase agreement annexed to the Complaint, the "Total Sale Price" for the Vehicle, including Plaintiff's down payment of $10,000 and all finance charges, was $57,858.40 (*see* Retail Installment Sale Contract, attached as Exhibit "A" to the Complaint, Exhibit "A" hereto).

11. In connection with the alleged violation of the MMWA, Plaintiff seeks to recover "an amount equal to the price of the subject vehicle, plus all collateral charges, attorneys' fees, and court costs" (*see* Complaint, Exhibit "A" at Counts I and II).

12. Defendant disputes that it is liable to Plaintiff and rejects the notion that Plaintiff is entitled to any recovery in this matter. Nevertheless, based upon the allegations in the Complaint, the amount in controversy herein exceeds $50,000.00 for the claim brought under the federal MMWA. Therefore, this Court has original jurisdiction. *See* 28 U.S.C. § 1331.

13. Furthermore, as is clear from the allegations in the Complaint, Plaintiff's state law claims in this action arise from the same case or controversy as his MMWA claim and thus, this Court has supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367.

## II. THIS COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332

14. In addition to jurisdiction over this matter pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction based upon the complete diversity of citizenship of the parties.

15. Pursuant to 28 U.S.C. § 1332, a federal district court will have original jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – citizens of different states." A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign where it has its principal place of business." 28 U.S.C. § 1332(c).

16. In the instant case, Plaintiff has alleged to be resident of the Commonwealth of Pennsylvania (Complaint ¶ 1, Exhibit "A"). Defendant HMA is incorporated under the laws of California with its principal place of business located in Fountain Valley, California. Therefore, as

no defendant is deemed a citizen of the state in which Plaintiff is a citizen, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332.

17. In addition, the amount in controversy in this action exceeds $75,000.

18. In the Complaint, Plaintiff seeks to recover the purchase price of the subject vehicle, plus all collateral charges and attorney fees in connection with all three claims (*see* Complaint, Exhibit "A" hereto).

19. As set forth above, the total sale price, including Plaintiff's down payment of $10,000, was $57,858.40 (*see* Retail Installment Sale Contract, attached as Exhibit "A" to the Complaint, Exhibit "A" hereto).

20. Based upon Plaintiff's Complaint, Plaintiff seeks $57,858.40 in actual damages.

21. Furthermore, in connection with the claim under the UTPCPL, Plaintiff seeks "three times" the actual damages (*see* Complaint, Exhibit "A" at Paragraph 53).

22. Accordingly, Plaintiff seeks $173,575.20 (three times $57,858.40), plus all collateral charges and attorneys' fees. Therefore, the total amount in controversy, based upon the allegations in the Complaint, is well in excess of the $75,000 jurisdictional requirement.

23. Despite the allegation that the claimed damages are not in excess of $35,000 for the UTPCPL claim,[1] by Plaintiff's own calculation of damages, the "amount in controversy" under the Lemon Law and MMWA claim is $57.858.40, as demanded in the Complaint and supported in the attached purchase documents ***plus*** "an award up to three (3) times the actual damages sustained," in connection with the UTPCPL claim  (*id.* ¶¶ 4-5, 53). Even if the UTPCPL claim is limited to

---

[1] As this Court is aware, when determining the amount in controversy, "[e]ven if a plaintiff states that her claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." *See Morgan v. Gay*, 471 F.3d 469 (3d Cir.2006); *see also Wilson v. Walker*, 790 F.Supp.2d 406 (E.D.Pa.2011).

$35,000, once the purchase price of the Subject Vehicle is added to the total amount in controversy, the $75,000 jurisdictional requirement is exceeded.

24. Therefore, this court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as well.

### III. ALL PROCEDURAL REQUIREMENT HAVE BEEN MET FOR REMOVAL TO THIS COURT

25. Simultaneously with the filing of this Notice of Removal, Defendant HMA is providing written notice to all parties of record and is filing a copy of this Notice of Removal with the prothonotary of the Court of Common Pleas, Allegheny County, Pennsylvania, pursuant to 28 U.S.C. § 1446(d).

26. Pursuant to 28 U.S.C. § 1446(a) no other state court process, pleadings, orders or papers have been served upon Defendant HMA other than the Summons and Complaint attached hereto as Exhibit "A".

27. This Court embraces the county and court in which the State Action was initially filed. *See* 28 U.S.C. 118(a). Therefore, this action is properly removed to this Court.

WHEREFORE, Defendant Hyundai Motor America respectfully requests that this matter, currently pending in the Court of Common Pleas, Allegheny County, Pennsylvania, be removed to this Court.

Dated: Albany, New York  
February 27, 2023

**ROSEWALDORF PLLC**

By: _____  
Mark W. Skanes, Esq.  
Attorneys for Hyundai Motor America  
501 New Karner Rd.  
Albany, New York 12205  
Phone: (518) 869-9200  
Fax: (518) 869-3334  
mskanes@rosewaldorf.com

## CERTIFICATE OF SERVICE

I, Mark W. Skanes, Esquire, do hereby certify that I am the attorney for Defendant in the within action, that I am duly authorized to make this certification, and that on this 27th day of February, 2023, I did cause a true and correct copy of Defendant's Notice of Removal, Civil Cover Sheet, and Notice of Filing of Removal to be forwarded via electronic mail to the parties below as follows:

Robert A. Rapkin, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Ave
Ambler, PA 19002
ediscovery@lemonlaw.com


Dated:  Albany, New York            **ROSEWALDORF PLLC**
        February 27, 2023
                                By:  _____
                                     Mark W. Skanes, Esq.
                                     Attorneys for Defendant
                                     Hyundai Motor America
                                     501 New Karner Rd.
                                     Albany, New York 12205
                                     Phone: (518) 869-9200
                                     Fax: (518) 869-3334
                                     mskanes@rosewaldorf.com


J:\Data\Hyundai Motor America\59362 Mendis\Notice of Removal.doc